Respondent-appellant, Charles D. Reasoner, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, granting the application of Deborah Baker to change the last name of her two minor sons from Reasoner to Baker.
On December 2, 1999, petitioner, Deborah Baker, filed two separate name change applications on behalf of her two minor sons, David Lee Reasoner and Charles David Jeremiah Reasoner, requesting that the children's last name be changed to Baker. Respondent, the children's biological father, filed an objection to the change of name applications.
An evidentiary hearing was conducted before a magistrate, who on January 19, 2000, issued two decisions, including findings of fact and conclusions of law. In his findings of fact, the magistrate determined that Charles is seventeen, and his brother David is fifteen. The children's father, respondent, is incarcerated at the Chillicothe Correctional Institution under a life sentence for the murder of a teenage boy. Because of their father's notoriety, the children have been subjected to teasing at school, and both boys have refused to see their father since 1994. Charles refuses even to read correspondence from his father. Indeed, on September 15, 1999, the Domestic Relations Division of the Franklin County Court of Common Pleas found visitation with the father was not in either child's best interest.
The magistrate further determined that petitioner wishes to change the children's last name to Baker to coincide with her last name and that of her husband, Timothy Baker. The magistrate noted Charles is on excellent terms with his step-father and works with him in a lawn care company called "Baker Sons." Both boys enthusiastically support the name change. In fact, David attempted to use the last name of Baker at school.
Given those facts, the magistrate concluded that the name change would be in the best interest of the children, given their preference for the name change, the notoriety of their father, their intent to sever all contact with him, and the cordial relationship Charles has with his step-father. Accordingly, the magistrate determined the petitions for name change should be granted.
On January 27, 2000, respondent filed a memorandum in opposition to the name change application. He stated no objection to the magistrate's decision, but rather generally challenged the evidentiary premise for the magistrate's conclusion, despite failing to submit a transcript of the hearing for review. The trial court construed the memorandum as an objection, and advised respondent regarding the procedures for obtaining a transcript of the proceedings before the magistrate.
In response, on February 2, 2000, respondent filed objections to the magistrate's decision and a request for a transcript. His objections generally contended the findings of facts were not supported by the evidence. On February 17, 2000, the probate court denied respondent's request for either a transcript at state expense or a copy of the recorded proceedings at state expense. Respondent replied with a request for additional time to file objections, as respondent was waiting for the probate court's ruling on his request for a copy of the recorded proceedings. Given that the probate court had denied that request, the court likewise denied his request for additional time.
On March 6, 2000, the probate court adopted the magistrate's decision and granted the two petitions requesting name changes for the minor sons of petitioner. Respondent timely appeals, assigning the following errors:
 I. THE MAGISTRATE ABUSED ITS DISCRETION IN GRANTING PETITIONER'S APPLICATION TO CHANGE MINOR CHILDREN'S LAST NAME TO BAKER WHEN THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT THE HEARING TO SUPPORT THAT THE NAME CHANGE WOULD BE IN THE MINOR CHILDREN'S BEST INTEREST.
 II. MAGISTRATE COURT ABUSED ITS DISCRETION WHEN IT PERMITTED THE CHANGE OF NAME APPLICATION BY PETITIONER WHICH RESULTING [sic] IN A DE FACTO ADOPTION.
Respondent's first assignment of error asserts the probate court erred in granting the applications for name change because the court lacked sufficient evidence to support the court's conclusion that a name change would be in the best interest of the minor children.
Preliminarily, pursuant to Civ.R. 53, a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). Here, respondent filed objections to the magistrate's decision, but failed to articulate the objection. Instead, he generally attacked the evidentiary basis for the magistrate's decision. See Civ.R. 53(E)(3)(b) ("Objections shall be specific and state with particularity the grounds of objection"). Appellate review of the matter is further hampered because Civ.R. 53 requires that any "objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(6). Respondent, however, did not submit a transcript of the proceedings to the probate court for review in conjunction with his objections. Having failed to provide the probate court with a transcript, respondent is now precluded from having this court review the transcript to find error which could have been corrected by submitting a transcript with his objections in the probate court. See Stearns v.Stearns (Dec. 11, 1990), Franklin App. No. 90AP-785, unreported. As a result, our review properly is confined to determining whether the magistrate's findings of fact support the conclusions of law, which the probate court adopted.
R.C. 2717.01(B) sets forth the procedure for a minor's name change:
 An application for change of name may be made on behalf of a minor by either of the minor's parents, a legal guardian, or a guardian ad litem. When application is made on behalf of a minor, in addition to the notice of proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or notice of the hearing shall be given to the parent or parents not consenting by certified mail, return receipt requested.
If one of the parents of the minor child has not consented to the name change, the court must determine if the change is in the child's best interest. In re Willhite (1999), 85 Ohio St.3d 28; Bobo v. Jewell
(1988), 38 Ohio St.3d 330. To determine whether the change is in the child's best interest, the probate court should consider (1) the effect of the change on the preservation and development of the child's relationship with each parent, (2) the identification of the child as a part of a family unit, (3) the length of time the child has used a surname, (4) the preference of the child if the child is of sufficient maturity to express a meaningful preference, (5) any difference in the child's surname from that of the child's residential parent, (6) the embarrassment, discomfort, or inconvenience that may result when the child bears a surname different from the residential parent, (7) parental failure to maintain contact with and support of the minor child, and (8) any other factor relevant to the child's best interest. Id.
In the context of those factors, the probate court determined that both children preferred the name change. Given their respective ages of fifteen and seventeen, the probate court properly concluded their preference was entitled to great weight. The probate court further noted the embarrassment and ridicule to which the children had been subjected due to their father's notoriety, his absence from their daily lives since his incarceration in 1987, the children's intent to have no further contact with him, supported by their refusal to see him since 1994, and the September 15, 1999 domestic relations order denying their father visitation with them. As further support, the court found that David had attempted to use the last name Baker at school, and Charles enjoyed a good relationship with his step-father.
Given that both children are of sufficient maturity to express a preference, and coupling that preference with the children's reduced contact with their father since 1987, and no contact since 1994, their identifying with the last name Baker, the ridicule and embarrassment they have suffered in being unable to use that name, the probate court did not err in finding the name changes are in the best interest of both children.
Moreover, even if we consider the transcript respondent cites in his appellate brief, respondent's assertions are unsupported. For example, he contends no evidence supports the magistrate's decision that David was ever ridiculed or teased because of his father's offense. Yet, in his appellate brief, respondent notes that the attorney for the petitioner posed that issue to David, who rendered an affirmative response. The question, with the affirmative response, is sufficient to support the magistrate's conclusion that David was ridiculed as a result of his father's actions. Similarly, while respondent seeks to discuss the allegedly criminal behavior of the children's step-father, the record contains no evidentiary support for his contention. Instead, the evidence indicates both children get along well with their step-father.
Given the foregoing, respondent's first assignment of error is overruled.
His second assignment of error asserts the name change is tantamount to granting the once-denied petition for adoption. Had the trial court granted the adoption petition subject of prior proceedings, all of respondent's parental ties to the two children would have been severed. Unlike an adoption proceeding, the proceedings before the probate court simply allowed the two children to change their last name to Baker. Because respondent's contentions under the second assignment of error are not supported legally, they are overruled.
Having overruled both of respondent's assignments of error, we affirm the judgment of the probate court.
 __________________ BRYANT, J.
LAZARUS and TYACK, JJ., concur.